DOMINIC MORLEY ET AL.

v.

INA C. MOULTON.

*Dram Shop Act—Loss of Support—Death of Plaintiff's Husband— Whether Sale Contributed Sufficiently to Deceased's Intoxication to Render Defendants Liable—Instructions.*

In an action brought under the Dram Shop Act to recover damages for furnishing liquor to plaintiff's husband, whereby he became intoxicated and lost his life, to the injury of plaintiff's means of support, where the evidence showed that deceased had drunk heavily at a saloon other than defendants', and left it a question of doubt whether what defendants furnished him in any appreciable degree caused his intoxication, this court holds that it was error for the court to instruct the jury that if the liquor sold deceased by defendants in any part caused his intoxication, it was sufficient to render them liable. To render such persons liable, the liquor sold by them must have contributed to the intoxication in an appreciable and essential degree.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.

Morley v. Moulton.

Mr. FORREST F. COOKE, for appellants.

Mr. J. A. MCKENZIE, for appellee.

MR. JUSTICE HARKER. Appellants appeal from a judgment of $2,000, recovered by appellee in a suit under the Dram Shop Act for furnishing liquor which caused the intoxication and death of her husband, William Moulton. The evidence shows that Moulton, in company with one Ben Steack, between five and six o'clock in the evening, took one drink (the first one of the day) at the saloon of Gardt, in Galesburg, Ill. After remaining there some fifteen minutes they repaired to the saloon of one John Moore, where they remained some four hours, drinking during their stay there eight or ten times of very strong intoxicants. After leaving Moore's they went to Morley's saloon, where they again drank, and to the saloon of Gardt, but whether they again drank at Gardt's is a matter of some doubt. While in a very drunken condition the two men started for the yards of the C. B. & Q. R. R. Co., at Galesburg, in search of a train to reach home on. They became separated, and while wandering through the yards, Moulton was run over by a train and killed. While there is some uncertainty as to whether more than the first drink was obtained at Gardt's, there is none as to the fact that the intoxication of Moulton was caused almost entirely by the hot punch and whisky furnished him at the saloon of John Moore. Appellee and her counsel have allowed Moore to escape liability, by declining to sue him in connection with appellants, and have elected to call upon appellants alone to respond in damages for the loss sustained to her means of support in the death of her husband. While she had the legal right to do so, however unjust it may appear to a fair mind, before she could compel them to so respond, it devolved upon her to show that the liquor furnished by appellants had in an appreciable degree caused the intoxication of her husband.

In view of the doubt necessarily arising from the testimony as to whether the liquor furnished by Gardt caused

in an appreciable degree the intoxication which Moulton was laboring under at the time he met his death, it was highly important for the jury to be accurately instructed on this branch of the case. They were instructed, among other things, that it was sufficient to render Gardt liable for them to believe that the liquor furnished by him had in *any* part caused the intoxication of Moulton. This was an enlargement of the statute, and opened to the jury a very wide field for speculation. The instruction in effect allowed a verdict against Gardt, although the liquor furnished by him had caused the intoxication of Moulton only in an infinitesimal degree. To make him liable, the liquor furnished by him must have contributed to the intoxication in an appreciable and essential degree. His act in that regard must have stood so close to the catastrophe by which appellee was deprived of the support of her husband, as to make it an efficient aid in that unfortunate result. Chase v. Kenniston, 76 Maine, 209; Steel v. Thompson, 42 Mich. 394. We are of the opinion that the first and second instructions given for appellee are erroneous. We see no other error committed by the court during the progress of the trial, and do not desire to express any opinion as to the merits of the controversy.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*